**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY | ) |
| | ) |
| *Plaintiffs,* | ) |
| v. | ) Case No: |
| | ) |
| CORRECTIONAL TECHNOLOGIES, INC., d/b/a | ) |
| CORTECH USA, VDL INDUSTRIES, LLC, d/b/a | ) |
| AMERICAN SHAMROCK, and NORIX GROUP, INC., | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, West Bend Mutual Insurance Company ("West Bend"), by and through its attorneys, Peter G. Syregelas and Philip G. Brandt of Lindsay, Pickett & Postel, LLC, and for its Complaint for Declaratory Judgment against the Defendants Correctional Technologies, Inc., d/b/a Cortech USA ("Cortech"), VDL Industries, LLC, d/b/a American Shamrock ("Shamrock"), and Norix Group, Inc. ("Norix"), alleges as follows:

### INTRODUCTION

In this declaratory judgment action, West Bend seeks a declaration that it owes no duty to defend or indemnify Cortech or Shamrock, with respect to a certain action brought by Norix in the United States District Court for the Northern District of Illinois, Eastern Division, case no. 1:17-cv-07914 ("the underlying lawsuit").

### THE PARTIES

1.      West Bend is a Wisconsin mutual insurance company, which maintains its principal place of business in West Bend, Wisconsin. West Bend is a citizen of Wisconsin.

2.      Cortech is an Illinois corporation with its principal place of business located in Willowbrook, DuPage County, Illinois. Cortech is a citizen of Illinois.

3.      Shamrock is an Illinois limited liability company doing business in DuPage County, Illinois. Joseph Caffy ("Caffy") is its sole member and manager. Caffy is a citizen of Illinois. Shamrock is a citizen of Illinois.

4.      Norix is an Illinois corporation with its principal place of business located in West Chicago, DuPage County, Illinois. Norix is a citizen of Illinois. Norix is named herein only in that it may be deemed a necessary party with an interest in the subject matter of this action. West Bend seeks no relief from Norix, other than to the extent, if any, that it is interested in the subject matter of this action, that it be bound by the judgment sought herein. If a Norix authorized representative will sign a stipulation to that effect, then West Bend will voluntarily dismiss Norix as a Defendant.

### JURISDICTION AND VENUE

5.      No defendant is a citizen of the plaintiff's state of citizenship, Wisconsin, so diversity of citizenship exists.

6.      The amount in controversy exceeds $75,000 exclusive of interest and costs. Although this complaint seeks no monetary damages—rather, it seeks only declaratory relief—the effect of granting that relief would be to preclude coverage for a loss exceeding $75,000 in value.

7.      This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a).

8.      Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois.

9.      An actual controversy exists between the parties, and pursuant to see, this Court has the authority to grant the relief requested.

### THE UNDERLYING LAWSUIT

10.     On November 1, 2017, Norix filed a Complaint for Patent Infringement, False Marking, and False Advertisement against Cortech and Shamrock in the underlying lawsuit. A copy of the Norix's Complaint is attached hereto as **Exhibit A**.

11.     On January 8, 2018, Norix filed a First Amended Complaint for Patent Infringement, False Marking, and False Advertisement against Cortech and Shamrock in the underlying lawsuit. A copy of the Norix's First Amended Complaint is attached hereto as **Exhibit B**.

12.     On April 25, 2018, Norix filed a Second Amended Complaint for Patent Infringement, False Marking, and False Advertisement against Cortech and Shamrock in the underlying lawsuit, which is the operative complaint (the "underlying complaint"). A copy of the underlying complaint is attached hereto as **Exhibit C.**

13.     The underlying complaint alleges that Norix designs, manufactures, and distributes furniture, and other products "for use in health care applications in demanding environments such as behavioral health institutions and correctional institutions." Ex. C, ¶ 2.

14.      The underlying complaint alleges that Norix specializes in "intensive use" furniture designed for environments like prisons and psychiatric facilities, where inmates or patients may use furniture to harm themselves, conceal contraband, or damage property. Ex. C, ¶¶ 8-9.

15.     The underlying complaint alleges that Norix obtained a patent on its "intensive-use" furniture, including an intensive-use bed ("the '993 Patent"). Ex. C,  ¶¶ 7-21.

16.     The underlying complaint alleges that Caffy owns and operates both Cortech and Shamrock. Ex. C, ¶ 22.

17.     The underlying complaint alleges that for more than ten years Cortech and Shamrock sold Norix products under a sales representative agreement ("sales agreement") until January 4, 2008, when the sales agreement terminated. Ex. C, ¶¶ 23-24.

18.     The underlying complaint alleges that "just months" after the sales agreement terminated, "Cortech began to compete against Norix with respect to products that Cortech formerly sold for Norix." Ex. C, ¶ 25.

19.     The underlying complaint alleges that Cortech's advertising falsely claims that many of its products have "multiple design and utility patents pending," even though Cortech does not have patents pending for those products. Ex. C, ¶ 27.

20.     The underlying complaint alleges that the products that Cortech and Shamrock have sold in competition with Norix and have falsely represented are subject to pending patents include property storage boxes; stackable and non-stackable chairs; intensive use beds, bunks, shelves, nightstands, and desks; tables; and structured seating (collectively, the "Falsely Marked Products"). Ex. C, ¶ 30.

21.     The underlying complaint alleges that in January 2012, Cortech introduced a line of molded plastic intensive use furniture called the "Endurance Series," which included the "Endurance Bed" and the "Endurance Bed 2.0." Ex. C, ¶¶ 43-45.

22.     The underlying complaint alleges that the products in Cortech's Endurance Series are identical or similar in appearance and function to Norix products. Ex. C, ¶ 49.

23.     The underlying complaint alleges that neither Cortech nor Shamrock own a patent related to the Endurance Series products. Ex. C, ¶ 50.

24.     The underlying complaint alleges that by making, offering for sale, and selling the Endurance Bed and the Endurance Bed 2.0, Cortech and Shamrock have infringed upon the '933 Patent. Ex. C, ¶¶ 58-65.

25.     The underlying complaint alleges that on May 30, 2017, counsel for Norix sent a letter to counsel for Cortech notifying Cortech of the '933 Patent and Cortech's infringement, to which Cortech's counsel denied any infringement. Ex. C, ¶¶ 66-67.

26.     The underlying complaint alleges that on June 30, 2017, counsel for Norix sent a letter to counsel for Cortech requesting copies of the applications corresponding to Cortech's "multiple design and utility patents pending, "to which Cortech's counsel responded on July 18, 2017, that it would remove any expired patent pending notices on all its products. Ex. C, ¶¶ 53-54.

27.     The underlying complaint alleges that "the false representations related to the Falsely Marketed Products are continuing." Ex. C, ¶ 77.

28.     Count I of the underlying complaint alleges an infringement claim of the '933 Patent in violation of 35 U.S.C. § 271, wherein Cortech and Shamrock "have willfully infringed and continue to willfully infringe one or more claims of the '993 Patent despite their knowledge of the '993 Patent and despite an objectively high likelihood that the manufacture and sale of the Endurance Bed and the Endurance Bed 2.0 would directly and indirectly infringe one or more claims of the '993 Patent." See Ex. C, ¶ 88.

29.     Count II of the underlying complaint alleges false marking in violation of 35 U.S.C. § 292 wherein Cortech and Shamrock "used such words for the purpose of deceiving the public and to obtain an unlawful competitive advantage over Norix." Ex. C, ¶ 94.

30.     Count III of the underlying complaint alleges false advertising in violation of the Lanham Act, 15 U.S.C. § 1125, wherein Cortech's and Shamrock's "false statements actually

5

deceived, or had the tendency to deceive, a substantial segment of defendants' and Norix's potential customers." Ex. C, ¶ 108.

31.     Count IV of the underlying complaint alleges violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2, wherein Cortech and Shamrock "intended that defendants' and Norix's prospective customers, as well as Norix itself, would be deceived by the false statements" made by Cortech and Shamrock. Ex. C, ¶ 118.

32.     Count V of the underlying complaint alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, wherein Cortech and Shamrock's " false statements constitute deceptive trade practices under Illinois law." Ex. C, ¶ 124.

**THE WEST BEND POLICY**

33.     West Bend issued a commercial policy, policy number 1298755-06, to Correctional Technologies, Inc. d/b/a Cortech USA, providing commercial general liability ("CGL") coverage and commercial liability umbrella coverage ("Umbrella") to the insured for the policy period of June 1, 2016 to June 1, 2017 (the "West Bend Policy").  A true and correct copy of the West Bend Policy is attached hereto as **Exhibit D**.

34.     The West Bend Policy is intended to be interpreted as a whole, but for the convenience of the Court and counsel, West Bend sets forth certain pertinent provisions from the policy's CGL Coverage Form, as follows:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.     Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to

6

which this insurance does not apply. We may, at our discretion investigate any offense and settle any claim or "suit" that may result.***

**b.**     This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

* * * * *

**2.     Exclusions**

This insurance does not apply to:

**a.     Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

**b.     Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c.     Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

* * * * *

**i.     Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement". However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

* * * * *

**l.     Unauthorized Use Of Another's Name Or Product**

7

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

\* \* \* \* \*

## SECTION II – WHO IS AN INSURED

**1.** If you are designated in the Declarations as:

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

\* \* \* \* \*

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\* \* \* \* \*

**2.** **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or and offense, regardless of the amount, which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took

8

place;

**(2)**    The names and addresses of any injured persons or witnesses; and

**(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**    If a claim is made or "suit" is brought against any insured, you must:

**(1)**    Immediately record the specifics of the claim or "suit" and the date received; and

**(2)**    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**    You and any other involved insured must:

**(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

**(2)**    Authorize us to obtain records and other information;

**(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\* \* \* \* \*

## SECTION V – DEFINITIONS

**1.**    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purposes of attracting customers or supporters. \*\*\*

\* \* \* \* \*

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.**    False arrest, detention or imprisonment;

**b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**    The use of another's advertising idea in your "advertisement"; or

    **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * * * *

35.    Again, the West Bend Policy is intended to be interpreted as a whole, but for the convenience of the Court and counsel, West Bend sets forth certain pertinent provisions from the policy's Umbrella Coverage Form, as follows:

### COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

**1.**    **Insuring Agreement**

    **a.**    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. At our discretion, we may investigate any offense that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend.***

    **b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

* * * * *

2.      **Exclusions**

This insurance does not apply to:

a.      "Personal and advertising injury":

**(1)     Knowing Violation Of Rights Of Another**

Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**(2)     Material Published With Knowledge Of Falsity**

Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**(3)      Material Published Prior To Policy Period**

Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

\* \* \* \* \*

**(9)     Infringement Of Copyright, Patent, Trademark Or Trade Secret**

Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

\* \* \* \* \*

**(12)    Unauthorized Use Of Another's Name Or Product**

Arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

\* \* \* \* \*

11

**SECTION II – WHO IS AN INSURED**

1.      Except for liability arising out of the ownership, maintenance or use of "covered autos":

     a.      If you are designated in the Declarations as:

        **(1)** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

        **(2)** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

        **(3)** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

        **(4)** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

        **(5)** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

* * * * *

**SECTION IV – CONDITIONS**

* * * * *

3.      **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

     **a.**      You must see to it that we are notified as soon as practicable of an "occurrence" or and offense, regardless of the amount, which may result in a claim. To the extent possible, notice should include:

        **(1)**      How, when and where the "occurrence" or offense took place;

        **(2)**      The names and addresses of any injured persons or witnesses; and

        **(3)**      The nature and location of any injury or damage arising out

12

of the "occurrence" or offense.

**b.**     If a claim is made or "suit" is brought against any insured, you must:

**(1)**     Immediately record the specifics of the claim or "suit" and the date received; and

**(2)**     Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**     You and any other involved insured must:

**(1)**     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

**(2)**     Authorize us to obtain records and other information;

**(3)**     Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)**     Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.**     No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\* \* \* \* \*

## SECTION V – DEFINITIONS

**1.**     "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purposes of attracting customers or supporters. \*\*\*

\* \* \* \* \*

**14.**     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.**     False arrest, detention or imprisonment;

**b.**     Malicious prosecution;

**c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**    The use of another's advertising idea in your "advertisement"; or

    **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \* \* \*

**19.**    "Retained limit" means available limits of "underlying insurance" scheduled in the Declarations or the "self-insured retention", whichever applies.

\* \* \* \* \*

**23.**    "Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of settlement or judgments or any arbitration or other alternate dispute method entered into with our consent or the "underlying insurer's" consent.

**24.**    "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

\* \* \* \* \*

**Cortech's First Notice Of The Underlying Lawsuit to West Bend**

36.    Cortech first notified West Bend of the underlying lawsuit on November 22, 2023.

## <u>Count I</u>
**No Duty to Defend or Indemnify Cortech in the Underlying Lawsuit under the West Bend Policy's CGL Coverage Form**

37.    West Bend restates and incorporates the allegations of paragraphs 1 through 34, above as if set forth fully herein.

38.    West Bend has no duty to defend or indemnify Cortech under the West Bend Policy's CGL Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

    a.    The underlying complaint does not allege a "personal and advertising injury" offense.

14

b.     The underlying complaint does not allege the insured infringed on a patent or disclosed patent content in any "advertisement."

c.     The CGL Coverage Form's exclusion for knowing violation of another's rights, exclusion 2.a., negates any coverage that might otherwise exist.

d.     The CGL Coverage Form's exclusion for material published knowledge of falsity, exclusion 2.b., negates any coverage that might otherwise exist.

e.     The CGL Coverage Form's exclusion for material published prior to policy period, exclusion 2.c, negates any coverage that might otherwise exist.

f.     The CGL Coverage Form's exclusion for infringement of copyright, patent, trademark or trade secret, exclusion 2.i, negates any coverage that might otherwise exist.

g.     The CGL Coverage Form's exclusion for unauthorized use of another's name or product, exclusion 2.l, negates any coverage that might otherwise exist.

h.     Cortech violated the CGL Coverage Form's notice of suit condition which is a prerequisite to coverage.

39.     The above allegations are, on information and belief, denied by Cortech, which in turn, contends that the CGL Coverage Form of the West Bend Policy provides coverage for the allegations of the underlying complaint. West Bend, in turn, denies contrary contentions of Cortech and each of them.

**WHEREFORE**, the Plaintiff, West Bend Mutual Insurance Company, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or

indemnify the Defendant Correctional Technologies, Inc., d/b/a Cortech USA, with respect to the underlying lawsuit, and for such other and further relief as this Court deems appropriate and just under the circumstances.

## Count II
### No Duty to Defend or Indemnify Cortech in the Underlying Lawsuit under the West Bend's Umbrella Coverage Form

40.     West Bend restates and incorporates the allegations of paragraphs 1 through 34, above as if set forth fully herein.

41.     West Bend has no duty to defend or indemnify Cortech under the West Bend Policy's Umbrella Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a.      The underlying complaint does not allege a "personal and advertising injury" offense.

b.      The underlying complaint does not allege the insured infringed on a patent or disclosed patent content in any "advertisement."

c.      The Umbrella Coverage Form's exclusion for knowing violation of another's rights, exclusion 2.a.(1), negates any coverage that might otherwise exist.

d.      The Umbrella Coverage Form's exclusion for material published knowledge of falsity, exclusion 2.a.(2), negates any coverage that might otherwise exist.

e.      The Umbrella Coverage Form's exclusion for material published prior to policy period, exclusion 2.a.(3), negates any coverage that might otherwise exist.

16

f.     The Umbrella Coverage Form's exclusion for infringement of copyright, patent, trademark or trade secret, exclusion 2.a.(9), negates any coverage that might otherwise exist.

g.     The Umbrella Coverage Form's exclusion for unauthorized use of another's name or product, exclusion 2.a.(12), negates any coverage that might otherwise exist.

h.     Cortech violated the Umbrella Coverage Form's notice of suit condition which is a prerequisite to coverage.

42.     The above allegations are, on information and belief, denied by Cortech, which in turn, contends that the Umbrella Form of the West Bend Policy provides coverage for the allegations of the underlying complaint. West Bend, in turn, denies contrary contentions of Cortech and each of them.

**WHEREFORE**, the Plaintiff, West Bend Mutual Insurance Company, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify the Defendant Correctional Technologies, Inc., d/b/a Cortech USA, with respect to the underlying lawsuit, and for such other and further relief as this Court deems appropriate and just under the circumstances.

## COUNT III
### No Duty to Defend or Indemnify Shamrock
### under the West Bend Policy's CGL Coverage Form

43.     West Bend restates and incorporates the allegations of paragraphs 1 through 34, above as if set forth fully herein.

17

44.     West Bend has no duty to defend or indemnify Shamrock under the West Bend Policy's CGL Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a.      Shamrock does not qualify as an "insured" under the West Bend Policy.

b.      The underlying complaint does not allege a "personal and advertising injury" offense.

c.      The underlying complaint does not allege the insured infringed on a patent or disclosed patent content in any "advertisement."

d.      The CGL Coverage Form's exclusion for knowing violation of another's rights, exclusion 2.a., negates any coverage that might otherwise exist.

e.      The CGL Coverage Form's exclusion for material published knowledge of falsity, exclusion 2.b., negates any coverage that might otherwise exist.

f.      The CGL Coverage Form's exclusion for material published prior to policy period, exclusion 2.c, negates any coverage that might otherwise exist.

g.      The CGL Coverage Form's exclusion for infringement of copyright, patent, trademark or trade secret, exclusion 2.i, negates any coverage that might otherwise exist.

h.      The CGL Coverage Form's exclusion for unauthorized use of another's name or product, exclusion 2.l, negates any coverage that might otherwise exist.

i.    Shamrock violated the CGL Coverage Form's notice of suit condition which is a prerequisite to coverage.

45.    The above allegations are, on information and belief, denied by Shamrock, which in turn, contends that the CGL Coverage Form of the West Bend Policy provides coverage for the allegations of the underlying complaint. West Bend, in turn, denies contrary contentions of Shamrock and each of them.

**WHEREFORE**, the Plaintiff, West Bend Mutual Insurance Company, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify the Defendant VDL Industries, LLC, d/b/a American Shamrock, with respect to the underlying lawsuit, and for such other and further relief as this Court deems appropriate and just under the circumstances.

<u>**COUNT IV**</u>
**No Duty to Defend or Indemnify Shamrock
under the West Bend Policy's Umbrella Coverage Form**

46.    West Bend restates and incorporates the allegations of paragraphs 1 through 33, above as if set forth fully herein.

47.    West Bend has no duty to defend or indemnify Shamrock under the West Bend Policy's Umbrella Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a.    Shamrock does not qualify as an "insured" under the West Bend Policy.

b.    The underlying complaint does not allege a "personal and advertising injury" offense.

c.      The underlying complaint does not allege the insured infringed on a patent or disclosed patent content in any "advertisement."

d.      The Umbrella Coverage Form's exclusion for knowing violation of another's rights, exclusion 2.a.(1), negates any coverage that might otherwise exist.

e.      The Umbrella Coverage Form's exclusion for material published knowledge of falsity, exclusion 2.a.(2), negates any coverage that might otherwise exist.

f.      The Umbrella Coverage Form's exclusion for material published prior to policy period, exclusion 2.a.(3), negates any coverage that might otherwise exist.

g.      The Umbrella Coverage Form's exclusion for infringement of copyright, patent, trademark or trade secret, exclusion 2.a.(9), negates any coverage that might otherwise exist.

h.      The Umbrella Coverage Form's exclusion for unauthorized use of another's name or product, exclusion 2.a.(12), negates any coverage that might otherwise exist.

i.      Shamrock violated the Umbrella Coverage Form's notice of suit condition which is a prerequisite to coverage.

48.     The above allegations are, on information and belief, denied by Shamrock, which in turn, contends that the Umbrella Coverage Form of the West Bend Policy provides coverage for the allegations of the underlying complaint. West Bend, in turn, denies contrary contentions of Shamrock and each of them.

**WHEREFORE**, the Plaintiff, West Bend Mutual Insurance Company, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify the Defendant VDL Industries, LLC, d/b/a American Shamrock, with respect to the underlying lawsuit, and for such other and further relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

**WEST BEND MUTUAL
INSURANCE COMPANY**

By: _____

Peter G. Syregelas
ARDC # 6290882
psyregelas@lpplawfirm.com
312-970-5661
Philip G. Brandt
ARDC # 6295960
pbrandt@lpplawfirm.com
312-762-5154
LINDSAY, PICKETT & POSTEL, LLC
200 W. Madison Street, Suite 3850
Chicago, Illinois 60606
*Attorneys for Plaintiff*
*West Bend Mutual Insurance Company*