IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY )<br>)<br>*Plaintiffs,* )<br>v. )<br>)<br>CORRECTIONAL TECHNOLOGIES, INC., d/b/a )<br>CORTECH USA, VDL INDUSTRIES, LLC, d/b/a )<br>AMERICAN SHAMROCK, and NORIX GROUP, INC., )<br>)<br>*Defendants.* ) | Case No: 1:24-CV-00315 |

**Plaintiff's Status Report**

1. **Nature of the Case.**

The attorneys of record for plaintiff are Christopher J. Pickett, Peter G. Syregelas, and Samit S. Minhas. Lead trial counsel is Christopher J. Pickett.

The Defendants currently have no attorneys of record because there is a possibility of the action being voluntarily dismissed by plaintiff.

This is a declaratory judgment action filed by West Bend Mutual Insurance Company ("West Bend"), against Defendants Correctional Technologies, Inc., d/b/a Cortech USA ("Cortech"), VDL Industries, LLC, d/b/a American Shamrock ("Shamrock"), and Norix Group, Inc. ("Norix"). The action is one brought under diversity jurisdiction.

West Bend's complaint seeks a declaration that West Bend owes no duty to defend or indemnify Cortech or Shamrock, with respect to a certain action brought by Norix in the United States District Court for the Northern District of Illinois, Eastern Division, case no. 1:17-cv-07914 ("the underlying lawsuit").

On November 1, 2017, Norix filed a Complaint for Patent Infringement, False Marking, and False Advertisement against Cortech and Shamrock in the underlying lawsuit. The underlying complaint alleges that the products that Cortech and Shamrock have sold in competition with Norix and have falsely represented are subject to pending patents include: property storage boxes; stackable and non-stackable chairs; intensive use beds, bunks, shelves, nightstands, and desks; tables; and structured seating.

West Bend's insured, Cortech, gave notice to West Bend of the underlying lawsuit, which West Bend interpreted as a tender of defense. In response, West Bend disclaimed and filed this suit.

Upon the filing of the complaint for declaratory judgment action, West Bend's insured's representatives called West Bend and stated that they did not intend to tender defense to West

Bend, but only inquired as to whether the underlying action might be covered under the West Bend policies.

West Bend has offered a stipulation to its insured whereby West Bend would voluntarily dismiss this suit if the insured acknowledges in writing that it did not tender defense to West Bend and does not seek the reimbursement of defense fees prior to a formal tender of defense. The insured has not returned the stipulation, but according to its lawyer in the underlying case, Brian Murray of Holland & Knight, is considering the stipulation.

2. **Pending Motions.**

There are no pending motions or previously set deadlines in this matter.

3. **Proposed Discovery Schedule.**

Given the current disposition of the case, Plaintiff cannot accurately predict a discovery schedule if and until the Defendant's appear, respond, and potentially counterclaim.

4. **Trial.**

Plaintiff's Complaint for Declaratory Judgement did not request a jury trial. Plaintiff expects the case to resolve on dispositive motions absent some factual issue requiring a jury brought as a counterclaim.

5. **Status of Settlement Discussions.**

As noted, a stipulation is being discussed that would potentially resolve this matter and cause a voluntarily dismissal of the action. Plaintiff has followed up with the insured's counsel in the underlying matter several times regarding the stipulation. Should the stipulation not be returned in the next 7 days, plaintiff will take steps to either obtain waivers of service or serve defendants.

Respectfully submitted,

**WEST BEND MUTUAL INSURANCE COMPANY**

By: _____

Peter G. Syregelas
ARDC # 6290882
psyregelas@lpplawfirm.com
312-970-5661
LINDSAY, PICKETT & POSTEL, LLC

200 W. Madison Street, Suite 3850
Chicago, Illinois 60606
*Attorneys for Plaintiff*
*West Bend Mutual Insurance Company*